UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RENEE CITIZEN,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 17-1505 AGR<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff filed this action on July 27, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 14, 15.) On March 8, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue and Plaintiff filed a request for judicial notice. The court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits. In both applications, Plaintiff alleged an onset date of May 31, 2013. Administrative Record ("AR") 18. The applications were denied initially and on reconsideration. AR 18, 112-13, 138-39. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On November 19, 2015, the ALJ conducted a hearing at which Plaintiff and a vocational expert ("VE") testified. AR 37-70. On January 27, 2016, the ALJ issued a decision denying benefits. AR 15-30. On May 31, 2017, the Appeals Council denied review. AR 1-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

**DISCUSSION**

**A. Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

**B. The ALJ's Findings**

The ALJ found that Plaintiff met the insured status requirements through December 31, 2018. AR 20. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Plaintiff had the severe impairments of mild degenerative disc disease of the lumbar spine; history of gunshot wounds; asthma/history of bronchitis; post traumatic stress disorder; and anxiety. AR 21.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work. She could lift/carry up to 20 pounds occasionally and up to 10 pounds frequently; sit, stand or walk for six hours in an eight-hour workday with normal breaks; occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; frequently balance; occasionally stoop; frequently kneel and crawl; and occasionally crouch. She must avoid concentrated exposure to extreme heat, extreme cold and pulmonary irritants such as fumes, odors, dust and gases. She is limited to simple, routine and repetitive tasks, and can sustain attention and concentration skills sufficient

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

to carry out work like tasks with reasonable pace and persistence.  She is precluded from interaction with the public and is limited to occasional interaction with coworkers.  AR 23.  Plaintiff is unable to perform any past relevant work but there are jobs that exist in significant numbers in the national economy that she could perform such as sorter, packager and electronic worker.  AR 28-29.

### C. <u>Cross-Examination of Vocational Expert</u>

Plaintiff appeared at her hearing without an attorney or representative.  AR 39-41.

The sole issue raised by Plaintiff is that the ALJ did not expressly offer her the opportunity to question the vocational expert at the hearing.  The ALJ questioned Plaintiff and asked whether there was anything else that Plaintiff thought she should know that was not asked.  AR 63.  The ALJ then examined the vocational expert, who also asked questions of the Plaintiff.  AR 64-69.  After the ALJ finished asking questions of the vocational expert, the following colloquy occurred:

> ALJ: Thank you.  Okay so Ms. Citizen, this is what I will do.  I will take into consideration all the evidence in the record, including the written documentation, as well as the testimony taken today.  I'll issue a written decision and get that out to you as soon as possible.  Now is there anything else that I need to know before I make this decision?  Anything that we haven't covered?
>
> Clmt: Other than I don't like I don't like to be around certain people –
>
> ALJ: Right.
>
> Clmt: – because of my situation.
>
> ALJ: Okay.
>
> Clmt: That's what I had.
>
> ALJ: All right.  Okay, well thank you very much for coming.  We're off the record and thank you very much Mr. Leeth [the vocational expert].
>
> Clmt: Thank you.

1    VE:    Thank you.
AR 69.

"A claimant in a disability hearing is not entitled to unlimited cross-examination, but rather 'such cross-examination as may be required for a full and true disclosure of the facts.'"  *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983) (citation omitted).

In *Richardson v. Perales*, 402 U.S. 389 (1971), the Supreme Court addressed the question of "what procedural due process requires with respect to examining physicians' reports in a social security disability claim hearing."  *Id.* at 402.  The Court concluded that examining physician reports may be received as evidence despite the absence of cross examination "when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross examination of the physician."  *Id.*  "This inaction on the claimant's part supports the Court of Appeals' view . . . that the claimant as a consequence is to be precluded from now complaining that he was denied the rights of confrontation and cross-examination."  *Id.* at 405.

Like the claimant in *Perales*, Plaintiff in this case did not request cross examination of the vocational expert.  Although Plaintiff was unrepresented, Plaintiff was twice advised in writing of her right to question witnesses at the hearing.  The written denial of reconsideration advised Plaintiff that she had the right to request a hearing before the ALJ and explained "How the Hearing Process Works."  AR 148.  The letter advised that, at the hearing, the "ALJ also can require people to bring important papers to your hearing and give facts about your case.  You can question these people at your hearing."  AR 148.  The ALJ's Notice of Hearing advised Plaintiff that "[a] vocational expert will testify at your hearing" and expressly stated that "You and your representative (if you have one) may submit documents, present and question witnesses . . . ."  AR 166-67.  The Notice of Hearing attached the publication entitled

"Your Right to Representation."[2] AR 169-70. Moreover, Plaintiff had previously filed an application for benefits that was denied. AR 18. At that time, Plaintiff had been represented by an attorney, and a vocational expert had appeared and testified at that hearing. AR 74, 84. Plaintiff has not shown a violation of her procedural due process rights. *See Hernandez v. Colvin*, 2015 U.S. Dist. LEXIS 131664, *4-*6 (C.D. Cal. Sept. 28, 2015).

It is not clear that the regulations require an oral advisement of the right to question witnesses. The regulations provide: "We will advise you that you have the following procedural rights in connection with the disability hearing process: . . . (4) You may present witnesses and question any witnesses at the hearing." 20 C.F.R. §§ 404.916(b)(4), 416.1416(b)(4).

Assuming that the failure to give an oral advisement of a claimant's right to question witnesses at the hearing violates the regulations, Plaintiff has not shown a substantial likelihood of prejudice. When "'circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, whe[n] harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate." *Marsh*, 792 F.3d at 1173 (quoting *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011)). Further, when "the magnitude of an ALJ error is more significant, then the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless." *Id.*

Plaintiff has not shown that if she had been orally offered an opportunity to question the vocational expert, she would have asked a particular question that would have altered the outcome of the case. Plaintiff argues that she could have asked the vocational expert how each representative job could permit her to sit, stand or walk for

---

[2] After Plaintiff requested a hearing before the ALJ, Plaintiff was sent a letter and the same publication concerning her right to representation. AR 158-59. The publication noted that a representative can help by "questioning any witnesses." AR 158.

up to six hours in an eight-hour workday. However, a "mere" possibility or "probability is not enough."[3] *McLeod*, 640 F.3d at 888; see *Terry v. Berryhill*, 2017 U.S. Dist. LEXIS 179552, *12-*14 (W.D. Wash. Oct. 30, 2017) (finding claimant had not shown substantial likelihood of prejudice from ALJ's failure to advise her of right to cross examine vocational expert).

Plaintiff, who is now represented by counsel, requests judicial notice of online searches and correlations to other job titles by an unknown person using O*NET OnLine, the Occupational Outlook Handbook, and Employment Projections. Plaintiff does not supply a declaration that would authenticate any of the searches or correlations, or establish a foundation for the expertise of the unidentified person who performed that work. Moreover, a court may judicially notice only "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The unauthenticated information does not fall within Rule 201(b). *See Leija v. Colvin*, 2015 U.S. Dist. LEXIS 39575, *15-*16 (E.D. Cal. Mar. 26, 2015).

To the extent Plaintiff argues that the ALJ did not fully and fairly develop the record because she did not *sua sponte* take administrative notice of economic data in other publications, that argument was rejected in *Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2018).

---

[3] Other areas of proposed cross examination would not have been material. For example, even assuming that the total number of jobs in the nation for a given job title is 25,500, as Plaintiff argues, instead of 40,000, the existence of jobs in significant numbers in the national economy would still be satisfied. *Gutierrez v. Comm'r*, 740 F.3d 519, 527-29 (9th Cir. 2014) (finding 2,500 jobs in California and 25,000 jobs nationally satisfy legal standard).

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: May 8, 2018

                                           ALICIA G. ROSENBERG
                                          United States Magistrate Judge